IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EUGENE HORTON, # C-01581,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 17-cv-802-SMY |
| | ) |
| **KIMBERLY BUTLER, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter is before the Court for consideration of Plaintiff's Motion for Court to Allow Counsel to Withdraw from Representation, or in the Alternative, Inform Counsel that the Following 7th Circuit Law is Relevant (Doc. 32), and Motion for Extension of Time (Doc. 34). The motion to allow counsel to withdraw shall be granted, and Plaintiff will be allowed additional time to pay the filing fee for this action and to submit an amended complaint.

The Court concluded that Plaintiff did not demonstrate that he was under imminent danger of serious physical injury as of the time this action was filed in January 2017, and therefore denied Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"). (Doc. 33); *see* 28 U.S.C. § 1915(g). As a result, Plaintiff must pre-pay the $400.00 filing fee in full, or the action will be dismissed. He was given a deadline of May 21, 2018, to submit this payment, and now requests an extension of time to July 4, 2018 so that he may attempt to obtain those funds. (Doc. 34).

Plaintiff's motions indicate that he desires to proceed with this action *pro se*, providing that he is able to pay the $400.00 filing fee, and if his research indicates that he can state a

1

meritorious claim. Plaintiff's First Amended Complaint (Doc. 9) was dismissed without prejudice (Doc. 10), so he cannot proceed in this matter (even if he pays the fee) unless he files a Second Amended Complaint that survives a merits review under 28 U.S.C. § 1915A.

Plaintiff's recruited counsel has fulfilled his obligation to investigate Plaintiff's claims of medical deliberate indifference, and concluded that he was unable to prepare a Second Amended Complaint that would overcome the 3-strike bar in § 1915(g). Under these circumstances, the Court finds it appropriate to relieve counsel of his appointment, and **GRANTS** that portion of Plaintiff's motion (Doc. 32) which seeks to allow counsel to withdraw. The alternative relief Plaintiff seeks in the motion (to inform counsel of certain 7th Circuit case law) is **DENIED AS MOOT.**

**IT IS THEREFORE ORDERED** that Joseph H. Guffey is relieved of his assignment as counsel for Plaintiff, with the Court's thanks.

**IT IS FURTHER ORDERED** that the motion for extension of time (Doc. 34) is **GRANTED** as follows. Because July 4, 2018, is a Court holiday, the new deadline for Plaintiff to pay the $400.00 filing fee in full shall be **July 5, 2018**. **No further extension shall be granted.** If full payment is not received on or before that date, this action shall be dismissed. If the action is dismissed, the Court shall then order payments to be deducted from Plaintiff's prisoner trust account in accordance with § 1915(b) until the $400.00 fee is paid in full. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

**IT IS FURTHER ORDERED** that, if Plaintiff succeeds in paying the $400.00 filing fee by the above deadline, Plaintiff shall also submit his Second Amended Complaint on or before **July 5, 2018**. In other words, if Plaintiff is unable to pay the $400.00 filing fee in full, there is

no need for him to submit an amended complaint.

In the amended complaint, Plaintiff shall specify, *by name*,[1] each Defendant alleged to be liable under each particular claim, as well as the actions alleged to have been taken by that Defendant. Plaintiff should state facts to describe what each named Defendant did (or failed to do), that violated his constitutional rights. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names in order to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces all prior complaints, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the previous Complaints. Thus, the Second Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint.

If Plaintiff fails to file an amended complaint within the allotted time or consistent with the instructions set forth in this Order, the action shall be subject to dismissal with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the Second Amended Complaint. If the Second Amended Complaint fails to survive review under § 1915A, Plaintiff may also incur another "strike."

---

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED:  May 25, 2018**

/s/ Staci M. Yandle
United States District Judge