# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EUGENE HORTON, # C-01581, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-802-SMY |
| ) | |
| LOUIS SHICKER,[1] ) | |
| VIPIN SHAH, ) | |
| CHRISTINE BROWN, ) | |
| JOHN BALDWIN, ) | |
| SALVADORE GODINEZ, ) | |
| and WARDEN JAIMET, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for consideration of Plaintiff's "Motion for Reconsideration of Imminent Danger of Serious Physical Injury Exception" (Doc. 37), filed June 29, 2018. For the reasons explained below, the Motion is **DENIED** and this case shall be dismissed with prejudice.

Because Plaintiff has accumulated more than 3 "strikes" by having previous lawsuits dismissed as frivolous, malicious, or for failure to state a claim, he is not eligible to proceed *in forma pauperis* ("IFP") in this case unless he demonstrates that he was under imminent danger of serious physical injury at the time suit was filed. (Docs. 33, 35); 28 U.S.C. § 1915(g); *see also Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("the harm must be imminent or occurring at the time the complaint is filed"). On April 30, 2018, this Court concluded that

---
[1] This case was originally captioned as *Eugene Horton v. Kimberly Butler, et al.*, based on the original Complaint. The Second Amended Complaint omitted Butler as a party, as well as many other original Defendants. (Doc. 36, pp. 1-2).

1

Plaintiff had failed to overcome the imminent danger hurdle, either at the time he filed this case in January 2017, or when he filed his First Amended Complaint (Doc. 9) on April 20, 2017. (Doc. 33). As a result, Plaintiff was ordered to pre-pay the $400.00 filing fee by May 21, 2018 in order to proceed with the case. (Doc. 33). He was also advised that he would be required to file a Second Amended Complaint, but only if he first paid the full filing fee.

Plaintiff requested, and was granted, an extension of time to July 5, 2018 to pay the filing fee. (Doc. 35). The Court also ordered him to file a Second Amended Complaint by July 5, 2018, *if* he also paid the filing fee. Plaintiff was warned that if he failed to pay the $400.00 fee in full, this case would be dismissed. (Docs. 33, 35).

To date, Plaintiff has made no payments toward the $400.00 filing fee in this case. Instead, he filed his Second Amended Complaint (Doc. 36) and soon thereafter filed the instant motion, requesting that the Court to reconsider the denial of IFP status. (Doc. 37). He asserts that the Second Amended Complaint "clearly show[s] a meritable [sic] claim of imminent danger of serious physical injury." (Doc. 37, p. 1).

The district court has the ability to reconsider non-final orders, both as an exercise of its own discretion, and pursuant to Federal Rule of Civil Procedure 54(b). *See Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018); *Diaz v. Indian Head Inc.*, 686 F.2d 558, 562-63 (7th Cir. 1982) (court may, *sua sponte* or on motion, correct clear errors of fact or law in an interlocutory order). In that vein and in order to evaluate Plaintiff's contention that he has overcome the 3-strike bar, the Court will examine the Second Amended Complaint.

### **The Second Amended Complaint (Doc. 36)**

The Second Amended Complaint omits virtually all the originally-named Defendants and names several new parties. Specifically, it lists as Defendants Louis Shicker, a medical official

with the Illinois Department of Corrections ("IDOC"); Dr. Shah (physician at Pinckneyville Correctional Center); Christine Brown (Pinkneyville Healthcare Administrator); John Baldwin and Salvadore Godinez (current and former IDOC Directors, respectively); and Pinckneyville Warden Jaimet. (Doc. 36, pp. 1-2).

Plaintiff makes the following allegations in the Second Amended Complaint: from June 8, 2016 to the present, he has been incarcerated at Pinkneyville. (Doc. 36, p. 6). Plaintiff was previously incarcerated at the now-closed Tamms Supermax Correctional Center for over 12 years. He claims that Defendants Godinez, Baldwin, Shah, Shicker, and Brown have subjected the class of former Tamms inmates to delays and denial of medical treatment for their serious physical and mental injuries caused or aggravated by their long-term confinement in isolation at Tamms. *Id.* These Defendants knew that Plaintiff has suffered from hypertension, a hernia, memory loss, and military-related PTSD, both before and after he was moved to Pinckneyville in June 2016. They also knew that delays in providing medical care to Plaintiff would aggravate or prolong his existing injuries, and that depriving him assistance to prepare and file timely grievances would prevent him from accessing the courts. (Doc. 36, pp. 6-7).

Plaintiff concludes that before and after June 2016, all named defendants created the conditions that cause him to be deprived medical care and reasonable safety, by inadequate and delayed medical treatment and obstruction of his access to the grievance system and the courts, or knew about these wrongs and did nothing to stop them. (Doc. 36, p. 7). As a result, Plaintiff "suffered daily and constant hernia pain, frequent daily uncontrolled and painful life threatening hypertension, and was diagnosed with depression in 2018." *Id.* He further claims that each defendant took these actions "in retaliation for Plaintiff being in the class [presumably of former Tamms inmates], under accusation of marijuana abuse." *Id.* Finally, Plaintiff asserts that he is

under imminent danger of serious physical injury. *Id.* He seeks unspecified injunctive relief and money damages. (Doc. 36, p. 8).

## **Discussion**

As an initial matter, Plaintiff's allegation that he was denied access to the grievance process or to the courts in no way places him in imminent danger of serious physical injury. The remaining allegations about Plaintiff's medical conditions are too general and conclusory to establish that he was in imminent danger of serious physical injury during the relevant time period of January 2017 to approximately April 2017. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Complaint must plead sufficient factual content to state a plausible claim); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (conclusory legal statements are insufficient to state a claim). Simply put, Plaintiff's conclusory claim that he is in imminent danger, unsupported by factual allegations, is not enough to overcome the 3-strike bar.

This Court recruited counsel for Plaintiff in August 2017. (Doc. 21). Plaintiff's Counsel ably and exhaustively reviewed Plaintiff's voluminous medical records with the help of a consulting expert, and discussed the claims with Plaintiff. At the conclusion of his detailed review, Counsel reported to the Court that he would not file an amended complaint on Plaintiff's behalf under the imminent danger exception for the medical conditions included in the original Complaint. Those conditions included the hypertension, memory loss, hernia, and PTSD described by Plaintiff in his *pro se* Second Amended Complaint. (Docs. 31, 36). Based on this report and Plaintiff's First Amended Complaint, the Court concluded that Plaintiff had not established that he faced imminent danger of serious physical injury at the time he filed this action or when he submitted the First Amended Complaint. (Doc. 33).

Nothing in the Second Amended Complaint indicates that the Court erred in denying IFP status to Plaintiff. Instead, the Second Amended Complaint, like Plaintiff's earlier pleadings, fails to set forth facts demonstrating that Plaintiff was in imminent danger of serious physical injury at any time, with regard to his hypertension, memory loss, PTSD, or hernia.

The Court notes Plaintiff's Counsel did point out that in October 2017, Plaintiff told prison officials that he was having hernia pain, and sought medical attention. He had been diagnosed with the hernia some time prior to his June 2016 transfer to Pinckneyville. (Doc. 31, p. 3). As of April 2018, Plaintiff had not yet been seen by a doctor for his hernia. He filed a grievance on April 11, 2018. *Id.* As of the time Counsel filed his report, Plaintiff had not yet exhausted the grievance procedure with reference to the alleged delay or lack of care for the hernia symptoms. (Doc. 31, pp. 3-4).

Counsel correctly observed that any claim Plaintiff might have for deliberate indifference to the hernia condition in 2018 could not be brought in this case because the unfinished grievance process would lead to dismissal. Instead, Plaintiff would have to bring the claim in a new action, filed after he exhausted the grievance process. Of course, Plaintiff would be required to either pay the filing fee or demonstrate imminent danger of serious physical injury before he could pursue the new claim.

The same would be true with respect to Plaintiff's deliberate indifference claim based on depression, which was allegedly diagnosed in 2018, much later than the filing date of this action. That claim would also have to be brought in a new action because it had not yet arisen, let alone gone through the administrative grievance process when this case was filed in January 2017.

Having reconsidered the question of imminent danger in light of Plaintiff's Second Amended Complaint and the instant motion, the Court concludes that Plaintiff has not

5

demonstrated that he was under imminent danger of serious physical injury at the time this action was filed in January 2017, or at the time he filed his First Amended Complaint. The Court was therefore correct in denying Plaintiff's motion for leave to proceed IFP.

### Disposition

**IT IS THEREFORE ORDERED** that the Motion for Reconsideration of Imminent Danger of Serious Physical Injury Exception (Doc. 37) is **DENIED.**

**IT IS FURTHER ORDERED** that, because Plaintiff has failed to pay the $400.00 filing fee as previously ordered, this case is **DISMISSED with prejudice**, for failure to comply with an Order of this Court. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

This dismissal shall not count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

To that end, the agency having custody of the Plaintiff is **DIRECTED** to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $400.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the

$400.00 fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, 750 Missouri Ave., East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at the Pinckneyville Correctional Center upon entry of this Order.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal the dismissal of this case, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: July 18, 2018**

s/ STACI M. YANDLE
United States District Judge